UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAP MARINE LIMITED,

                Plaintiff,

  - against -

GRANDOCEAN INTERNATIONAL TRADING LTD.
a/k/a GRAND OCEAN INTERNATIONAL TRADING
LTD., or GRAND OCEAN INTERNATIONAL
TRADING LIMITED,

                Defendant.
-------------------------------------------------------------X

Judge Hellerstein

08 CV 2032

ECF CASE



FEB 29 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, MAP MARINE LIMITED, (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, GRANDOCEAN INTERNATIONAL TRADING LTD. a/k/a GRAND OCEAN INTERNATIONAL TRADING LTD., or GRAND OCEAN INTERNATIONAL TRADING LIMITED ("Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

3. At all material times to this action, Plaintiff was the disponent owner of the motor vessel "GREAT HARVEST" (hereinafter the "Vessel").

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with an address in the People's Republic of China.

5. Pursuant to a charter party dated July 27, 2007 ("Charter Party") Plaintiff time-chartered the Vessel to Defendant for 70/80 days. *See charter party annexed hereto as Exhibit "1."*

6. Disputes subsequently arose between the parties regarding Defendant's failure to pay hire due and owing to Plaintiff under the Charter Party.

7. As a result of Defendant's failure to pay hire in breach of the Charter Party, Plaintiff has suffered damages in the approximate amount of $98,533.13, exclusive of interest, arbitration costs and attorneys fees. *See hire statement annexed hereto as Exhibit "2."*

8. In accordance with the Charter Party, disputes between the parties are to be submitted to arbitration in London with English law to apply.

9. Despite due demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the Charter Party.

10. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

11. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for

recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | | |
|---|---|---|---|
| A. | Principal claim – | | $98,533.13 |
| B. | Estimated interest on claim - 3 years at 7% compounded quarterly: | | $22,804.44 |
| C. | Estimated arbitration costs: | | $10,000.00 |
| D. | Estimated attorneys' fees and expenses: | | $20,000.00 |
| **Total:** | | | **$151,337.57** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $151,337.57 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F. That in the alternative, this Court enter judgment against the Defendant on the claims set forth herein;

G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

4

    IJ.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.s

Dated:    February 29, 2008
            Southport, CT

                        The Plaintiff,
                        MAP MARINE LIMITED

                        By: _____
                        Patrick F. Lennon
                        Nancy R. Peterson
                        LENNON, MURPHY & LENNON, LLC
                        420 Lexington Avenue, Suite 300
                        New York, NY 10170
                        (212) 490-6050 - phone
                        (212) 490-6070 – facsimile
                        pfl@lenmur.com
                        nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   February 29, 2008
         Southport, CT

                                              _____
                                              Nancy R. Peterson

# EXHIBIT "1"

Page 1 of 3

## Pacific Rim Shipping

From: &lt;capepanamax@unitramp.it&gt;
To: "MAP MARINE" &lt;team@pacrimship.com&gt;
Sent: Friday, 27 July 2007 7:17 PM
Subject: MV GREAT HARVEST/GRANDOCEAN CLEAN RECAP

RIF: 00901388  27/07/2007  10.15.40


UNITRAMP SRL SHIPBROKERS - NAPLES / ITALY
PH: +39 081 552 9952 - FX: +39 081 552 9915
capepanamax@unitramp.it - handy@unitramp.it
postfix@unitramp.it www.unitramp.it
+++

TO : MAP MARINE

ATT: MJK/PAKO D.G.

REF: GREAT HARVEST /GRAND OCEAN , C/P DTD 27TH JULY, 2007


I'M VERY PLSD TO CONFIRM YOU FULL RECAP OF FIXTURE AS FLWS :

***
STRICTLY PRIVATE AND CONFIDENTIAL


- MV Great Harvest (on TC MAP Marine Limited)
SD ST BC Hong Kong Flag Built 1986
Classed Highest ABS
68,192 mtDWT on 13.224 mssw
TPC 65 mtpcrcm fully laden bss
Panama Canal DWT 58,212 mt on 39'06"TFW
LOA 224.50 m/Beam 32.20m
International GRT/NRT 37,057/22,421
Suez GRT/NRT 37,852.73/34,700.64
Panama GRT/NRT 38,526/30,500
7HH Siderolling Hatchovers
Grain Capacity 79,948 cbm UMHO
Speed/Cons:
Abt 14.0 knots Ballast/Abt 13.0 knots Laden on
abt 29.1 MT IFO (380cst RMG 35) + abt 1.0 MT
MDO DMA, AT SEA IN GOOD WEATHER CONDITIONS
UPTO AND INCLUDING BEAUFORT FORCE 4.
In PORT per day of 24HRS: Abt 2.0 MT IFO (380cst) + abt 1.0 MT MDO
Ship Main Engine under Pilots/Manoeuvering/In-Out
Ports/Canals/Straits/Rivers and shallow waters consumes some MDO.
(all details about )

28/02/2008

FOR

-Acct: GRANDOCEAN INTERNATIONAL TRADING LTD
ROOM310, COFCO PLAZA, JIANGUOMEN NEI 8, BEIJING
0086 65261188 CELL PHONE:0086 13910335921
PUBLIC EMAIL: SHIPPING@GRANDOCEANHK.CO

- No OAP for Owners

- Delivery: DLOSP BANDAR ABBAS ATDNSHINC

- Laycan 29 JUL / 3AUG 2007

- For TCT about 70/80 days with bulk harmless HSS
cargo always lawful harmless bulk cargoes as per IMO and CP wordings,
via SB SA SP in/out georotn, AWIWL AAAA, further as per CP wordings.
Always excl expellers etc as per cargo excl.

- Redelivery DLOSP 1SP CHINA PICO ATDNSHINC

- HIRE US$ 47750 PD INCLOT PAID EVERY 15 DIA
INTO OWNERS' NOMINATED BANK ACCT without deduction
express and or equitable except chrts have the right of deducting
adcomms and BOR from last sufficient hire payment

- Bunkers on dely to be AOB expect abt
1300-1500 mts IFO and abt 30-50 mts MDO, BOR same AOD.
Prices bends US$ 400 / $ 700 PER MT IFO/MDO
Chrts to take over and pay BOD on dely with first hire payment

- Cgo/Trade exclusions: as per Pfma CP
ALLOW BULK HARMLESS HSS AS PER IMO,
FURTHER AS PER CP EXCLUSIONS AND WORDINGS

- Hold cleanliness cls:
Vessel/holds on arrival first loadport to be clean and washed
and ready to receive Charterers cargo of Bulk HSS
Should vsl holds fail such survey by independant or shippers
surveyor then time from such failure until vsl is clean
shallbe offhire and Owners to arrange all cleaning thereto.

Charterers to re-deliver vessel without any cleaning works paying
lumpsum US$ 6,000 in lieu of any cleaning.

- CEV: US$1,500 PMPR

- GA/Arb in London, English Law to be apply

- All/any Exinsurance/WRAP on vsl/cargo/h+m/pandi including also
cwrb if any, b+t and CLH to remain for charterers account and responsibility

and payable by chrts to owners as and when incurred without delay.

- 5pct total including 3.75pct addcomm + 1.25pct brokerage to be equally
split boetwen unitramp and chrtrs' broker

-OTHERWISE AS PER OWNS HEAD C/P OF MV.GREAST HARVEST CP DD 15TH SEPTEMBER
2005 WITH LOGICAL AMENDMENTS ONLY AS PER MAINTERMS FIXED
end
******

AGAIN THANK YOU VERY MUCH INDEED FOR LEADING TO THIS FIXTURE!

BEST REGARDS
ANTONIO ESPOSITO
UNITRAMP SHIPBROKERS
NAPLES-ITALY
PH:+39 081 552 9952
FX:+39 081 552 9915
MOB:+39 3334216530
WEB:www.unitramp.it

28/02/2008

# EXHIBIT "2"

28.02.08

## MV GREAT HARVEST/GRANDOCEAN C/P 27.07.07

## FINAL HIRE STATEMENT

|  |  | DR | CR |
|---|---|---|---|
| HIRE: | 1420 GMT 04/08/07 - 0130 GMT 20/10/07 = 76.465278 DAYS @ USD 47,750 | $3,651,217.01 | |
| | LESS 3.75% ADCOM | | $136,920.64 |
| | LESS 0.625% COMMISSION | | $22,820.11 |
| PLUS: | BUNKERS ON DELIVERY | | |
| | IFO 1,441.00 MTS @ USD 400 | $576,400.00 | |
| | MDO 51.00 MTS @ USD 700 | $35,700.00 | |
| LESS: | BUNKERS ON REDELIVERY | | |
| | IFO 1,483.60 MTS @ USD 400 | | $593,440.00 |
| | MDO 55.10 MTS @ USD 700 | | $38,570.00 |
| PLUS: | ILOHC | $6,000.00 | |
| | C/E/V (USD 1,500 PER MONTH) | $3,770.89 | |
| | 1/3rd ON-HIRE SURVEY BANDAR ABBAS | $166.67 | |
| LESS: | OFF-HIRE SURVEY HUANGPU | | $500.00 |
| LESS: | CHARTERERS REMITTANCES   1st Hire | | $1,297,731.79 |
| | 2nd Hire | | $685,631.79 |
| | 3rd Hire | | $759,185.57 |
| | 4th Hire | | $548,501.03 |
| | 5th Hire | | $91,420.51 |
| TOTALS | | $4,273,254.57 | $4,174,721.44 |
| **BALANCE DUE TO OWNERS** | | | $98,533.13 |
| | | $4,273,254.57 | $4,273,254.57 |

PLEASE ARRANGE REMITTANCE TO OWNERS ACCOUNT AS FOLLOWS:

BANK OF NEW YORK, NEW YORK
SWIFT CODE: IRVTUS3N
ABA ROUTING NO. 021000018
ACCOUNT NO. 890-0055-375
FOR CREDIT TO MACQUARIE BANK LIMITED
SYDNEY, AUSTRALIA
SWIFT CODE: MACQAU2S
USD ACCOUNT NO. D598375
IN FAVOUR OF MAP MARINE LTD
REF MV GREAT HARVEST V14/GRANDOCEAN