USDC SDNY
DOCU...
ELE...
DOC ... FILED
DATE ... 6/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MAP MARINE LIMITED,

                    Plaintiff,

  - against -

GRANDOCEAN INTERNATIONAL TRADING LTD.
a/k/a GRAND OCEAN INTERNATIONAL TRADING
LTD., or GRAND OCEAN INTERNATIONAL
TRADING LIMITED,

                    Defendant.
-----------------------------------------------------------X

08 CV 2032 (AKH)

ECF CASE

## TURN OVER ORDER IN RESPECT OF ATTACHED PROPERTY

Whereas the Plaintiff, Map Marine Limited ("Plaintiff"), and the Defendant, Grandocean International Trading Ltd. a/k/a Grand Ocean International Trading Ltd. or Grand Ocean International Trading Limited ("Grand Ocean") have entered into an agreement as to the security to be provided for Plaintiff's claim in the instant matter and which provides for the release of the property attached herein (see attached Agreement);

Whereas pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, on or about February 29, 2008 Plaintiff obtained from the Court an Ex-Parte Order of Maritime Attachment together with Process of Maritime Attachment and Garnishment that authorized the attachment of Grand Ocean's property with the Southern District of New York in an amount up to $151,337.57; and

Whereas ABN-AMRO, acting pursuant to the Ex-Parte Order of Maritime Attachment and Garnishment, restrained and attached Grand Ocean's property in the approximate amount of $53,319.28; and

Whereas HSBC, acting pursuant to the Ex-Parte Order of Maritime Attachment and Garnishment, restrained and attached Grand Ocean's property in the approximate amount of $98,018.29; and

Whereas the parties have entered into an agreement that provides that a certain portion of the funds attached shall be sent to an escrow account to act as security for the claims presented herein as set forth in the Agreement; and

Whereas the parties have agreed that $98,018.29 of Grand Ocean's attached funds should be wired via electronic funds transfer by HSBC to the following bank account:

| | |
|---|---|
| Bank: | Royal Bank of Scotland |
| Account Name: | Winter Scott General Client US Dollar Account |
| Swift Code: | RBOS GB 2L |
| IBAN No: | GB56 RBOS 1663 0000 279 343 |
| Account no: | WISCCLAC USD 1 |

Whereas the parties have agreed that $23,319.28 of Grand Ocean's attached funds should be wired via electronic funds transfer by ABN-AMRO to the following bank account:

| | |
|---|---|
| Bank: | Royal Bank of Scotland |
| Account Name: | Winter Scott General Client US Dollar Account |
| Swift Code: | RBOS GB 2L |
| IBAN No: | GB56 RBOS 1663 0000 279 343 |
| Account no: | WISCCLAC USD 1 |

and;

Whereas the parties have agreed that the balance of the funds attached, in the approximate amount of $30,000.00 should be wired via electronic funds transfer by ABN-AMRO to the following bank account:

| | |
|---|---|
| Correspondent Bank: | JP Morgan Chase Bank (Swift – CHASUS33) |
| | A/C – 001 1 045150 |
| Beneficiary Bank: | ING Bank N.V. Hong Kong Branch |
| | 39/F One International Finance Centre |
| | 1 Harbour View Street, Central, Hong Kong |
| Beneficiary: | Grand Ocean International Trading Ltd. |
| Account No: | 03418501 (USD) |

Whereas, the parties have agreed that after the above payments have been received into the designated accounts, Plaintiff's New York counsel, Lennon, Murphy & Lennon, LLC, shall file a notice of dismissal in the instant action;

IT IS HEREBY ORDERED that garnishee HSBC shall effect an electronic funds transfer in the amount of $98,018.29 which amount shall be deducted from the Grand Ocean's property that garnishee HSBC currently holds under attachment, and that garnishee HSBC Bank shall pay this amount to the following account:

| | |
|---|---|
| Bank: | Royal Bank of Scotland |
| Account Name: | Winter Scott General Client US Dollar Account |
| Swift Code: | RBOS GB 2L |
| IBAN No: | GB56 RBOS 1663 0000 279 343 |
| Account no: | WISCCLAC USD 1 |

and that any bank fees associated with the transferring of settlement funds to the specified account shall not be deducted from the transferred funds; and

IT IS HEREBY ORDERED that garnishee ABN-AMRO shall effect an electronic funds transfer in the amount of $23,319.28 which amount shall be deducted from the Grand Ocean's property that garnishee ABN-AMRO currently holds under attachment, and that garnishee ABN-AMRO Bank shall pay this amount to the following account:

| | |
|---|---|
| Bank: | Royal Bank of Scotland |
| Account Name: | Winter Scott General Client US Dollar Account |
| Swift Code: | RBOS GB 2L |
| IBAN No: | GB56 RBOS 1663 0000 279 343 |
| Account no: | WISCCLAC USD 1 |

and that any bank fees associated with the transferring of settlement funds to the specified account shall not be deducted from the transferred funds; and

IT IS FURTHER HEREBY ORDERED that garnishee ABN-AMRO shall effect an electronic funds transfer in the approximate amount of $30,000.00 which amount shall be deducted from the Grand Ocean's property that garnishee ABN-AMRO currently holds under attachment, and that garnishee ABN-AMRO shall pay this amount to the following account:

| | |
|---|---|
| Correspondent Bank: | JP Morgan Chase Bank (Swift – CHASUS33)<br>A/C – 001 1 045150 |
| Beneficiary Bank: | ING Bank N.V. Hong Kong Branch<br>39/F One International Finance Centre<br>1 Harbour View Street, Central, Hong Kong |
| Beneficiary: | Grand Ocean International Trading Ltd. |
| Account No: | 03418501 (USD) |

; and

IT IS FURTHER HEREBY ORDERE D that the above payments from Grand Ocean shall not be subject to any attachment in New York after those funds are released by garnishee HSBC and/or ABN; and

IF IS FURTHER ORDERED that once the above funds have been received into the designated account that Plaintiff's New York counsel, Lennon, Murphy & Lennon, LLC, shall file a notice of dismissal in the instant action.

Dated: June 17, 2008
New York, NY

SO ORDERED:

_____
U.S.D.J.

6. Jun. 2008  9:56                                              No. 6814   P. 2

## ESCROW AGREEMENT

This Agreement is made the             day of JUNE 2008

**BETWEEN**

I.  MAP Marine Limited of Walker House, Mary Street, Georgetown, Grand Cayman ("the Disponent Owners"),

    and

II. Grand Ocean International Trading Limited of Room 310, COFCO Plaza, Jiangtsomen Nei 8, Beijing ("the Charterers"),

    (Together referred to herein as "the Parties")

III. Winter Scott, St Olave's House, Ironmonger Lane, London, EC2V 8EY ("the Escrow Holder").

**WHEREAS**

A.  By a Charterparty dated 27 July 2007 ("the Charterparty"), the Disponent Owners time chartered the vessel M.V. "GREAT HARVEST" ("the Vessel") to the Charterers;

B.  Disputes have arisen between the parties as to amounts due under the Charterparty, with the Disponent Owners claiming the sum of US$98,533.13 for balance of hire due under the Charterparty and the Charterers counterclaiming the sum of US$77,593.74 for underperformance of the Vessel (collectively referred to as "the Disputes");

C.  The Disputes between the Parties are subject to arbitration in London;

D.  Proceedings have been commenced in New York by the Disponent Owners to obtain a so called Rule B attachment of funds belonging to Charterers, with the sum of US$53,319.28 attached at ABN-AMRO on 13th March 2008 and the sum of US$98,018.29 attached at HSBC on 17th March 2008;

E.  The Parties have agreed to discontinue the New York Proceedings under terms that provide for the presentation of a Stipulation and Order of the Court for endorsement which provides that the attachments shall be lifted and the garnishee banks identified above shall transfer the sums of US$23,319.28 and US$98,018.29 from the attached funds to an escrow account (the details of which are set forth below) in London, and, once the funds are so transferred, that the New York proceedings shall be discontinued without prejudice and without costs. The balance of the attached funds to be released to the Charterers' order.

IT IS HEREBY AGREED AS FOLLOWS:-

1. In consideration of the Parties mutually refraining from taking steps to obtain security resulting in the arrest, attachment, seizure or detention of any ships, assets, funds or other property of the other or any other ships, assets, funds or other property in the associated ownership, control or management of the other, and/or refraining from taking any action of whatsoever nature for the purposes of obtaining security for the Disputes referred to in RECITAL B and in consideration of Disponent Owners' agreement not to proceed further with the attachment of funds in New York and the service of the order obtained in New York, it is agreed:-

   (a) that the Parties will sign a Stipulation and Order in New York as specified above directing ABN-AMRO to transfer the sum of US$23,319.28 and HSBC to transfer the sum of US$98,018.29 of the attached funds into the Escrow Holder's interest bearing client account ("the Escrow Account No. 1") with the balance of US$30,000 to be transferred by ABN-AMRO to Charterers and that thereafter the New York proceedings will be discontinued without prejudice and without costs;

   (b) the Disponent Owners agree to pay the sum of US$95,351.97 into the Escrow Holder's interest bearing client account ("the Escrow Account No. 2") within 14 days of last signature of this Agreement

2. The funds credited to the Escrow Account No. 1 and Escrow Account No. 2 in accordance with Clause 1 above ("the Escrow Monies") shall remain in the Escrow Accounts and stand as security for the Parties' claims under the Charterparty referred to in RECITAL A.

3. The Escrow Monies, including all accrued interest, shall only be released in accordance with the terms of this Agreement.

4. Subject to Clauses 5 and 6 below, any monies standing to the credit of the Escrow Account No. 1 and Escrow Account No. 2, including all accrued interest, shall only be released on the following conditions:

   (a) In the event of settlement being agreed between the Parties hereto, and a settlement agreement being signed by the Parties, any sum agreed to be paid by one party to the other in respect of the Disputes, including interest shall be paid to the party receiving sums under the settlement agreement from the Escrow Account within 14 days of the date of the settlement agreement. For the avoidance of doubt, provided the settlement agreement is signed by the Parties hereto, the settlement agreement can also include agreements with/signatories from non-parties to this agreement; or

   (b) Any amount which either party is ordered to pay to the other in respect of the Disputes, including interest in accordance with the terms of a final and unappealable award of the Tribunal appointed under the Charterparty to resolve the Disputes, or in the event that leave to appeal the award is obtained, in accordance with the terms of a final and unappealable judgment of the High Court of Justice on the award appealed shall be paid from the Escrow Account within 28 days of the publication of such final and unappealable Award or final and unappealable judgment.

5. Any balance in the Escrow Account No. 1 that remains after satisfaction of the final and unappealable award or the final and unappealable judgment (including any award of interest and costs thereon) and/or after payment under the written settlement agreement signed by the Parties referred to in Clause 4 above shall be released forthwith to the Charterers.

6. Any balance in the Escrow Account No. 2 that remains after satisfaction of the final and unappealable award or the final and unappealable judgment (including any award of interest and costs thereon) and/or after payment under the written settlement agreement signed by the Parties referred to in Clause 4 above shall be released forthwith to the Disponent Owners.

7. The monies shall only be released by the Escrow Holder from the Escrow Accounts in accordance with this agreement and the Escrow Holder irrevocably undertakes to release the sums due to either or both of the parties hereto from the Escrow Accounts.

8. The terms of this Agreement may, if either party elect, be brought to the attention of any Tribunal in order to give effect to any order or award that any such Tribunal may make in relation to the claims under the Charterparty.

9. This Agreement shall be governed by and construed in accordance with English law. Any disputes arising hereunder or relating hereto or arising in connection herewith shall be referred to the High Court of Justice in London, to whose exclusive jurisdiction the parties hereby irrevocably submit. The parties warrant that Winter Scott and Clyde & Co have been irrevocably appointed on behalf of the Disponent Owners and the Charterers respectively to accept service of any proceedings brought pursuant hereto.

*Winter Scott*
..........................................
Winter Scott
For and on behalf of Disponent Owners

*Clyde & Co*
..........................................
Clyde & Co
For and on behalf of Charterers